UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEVI STRAUSS & CO., <br><br> Plaintiff, <br><br> vs. <br><br> RP55, INC., and DOES 1 through 10, <br><br> Defendants. | CASE NO. C 04-0468 SI <br><br> Hon. Susan Illston <br> United States District Judge <br><br> [PROPOSED] STIPULATED ORDER OF PERMANENT INJUNCTION ON SEVERED CLAIM |

Plaintiff Levi Strauss & Co. ("LS&CO.") has filed a Complaint alleging federal trademark infringement, dilution and other claims against defendant RP55, Inc. ("RP55") for, among other things, displaying a cloth red pocket tab on the back of RP55 jeans as shown on Exhibit L-2 to the Complaint, a copy of which is attached hereto as Exhibit "A" (hereinafter "RP55 Red Tab"). In its Complaint, LS&CO. sought damages and an injunction against RP55 for, among other things, the alleged infringement by the RP55 Red Tab of LS&CO.'s Tab Trademark. RP55 filed an answer denying the material allegations of LS&CO.'s Complaint.

LS&CO. has filed a motion to amend its Complaint to seek only injunctive relief and no damages for the alleged infringements, including the RP55 Red Tab. RP55 has consented to the filing of LS&CO.'s First Amended Complaint upon certain conditions, including (except to the extent relevant, if at all, to the remaining claims) the elimination of

-1-

any claim for trial or further proceedings based upon alleged infringement by the RP55 Red Tab. LS&CO. has agreed to those terms.

The parties have agreed to a settlement of LS&CO.'s claim of infringement by the RP55 Red Tab, but no other pending claims, including but not limited to, RP55's use of a rectangular red stitch on Indigo Red jeans. As part of that settlement and without admission on the part of RP55, the parties have agreed to sever LS&CO.'s claim based upon infringement by the RP55 Red Tab (hereinafter the "Severed Claim"), and to entry of a permanent injunction with respect to the Severed Claim upon the following stipulated facts. The parties have agreed further that no adverse inference shall be drawn from the fact of RP55's agreement to this injunction and order, and that this order shall not be used as evidence of infringement with respect to any other claim or issue in this lawsuit. Each party has waived the right to appeal from this order on the Severed Claim, and each party will bear its own costs in connection with the Severed Claim.

## I. STIPULATED FACTS AND CONCLUSIONS

A. This Court has subject matter jurisdiction over this lawsuit and personal jurisdiction over each of the parties. Venue is proper in this Court.

B. Defendant RP55 manufactured, distributed, advertised and sold RP55 brand jeans which displayed the RP55 Red Tab as illustrated in Exhibit A hereto.

## II. PERMANENT INJUNCTION

**IT IS ORDERED AND ADJUDGED** that RP55, its principals, agents, affiliates, employees, officers, directors, servants, privies, successors, and assigns, and all persons acting in concert of participating with them or under their control who receive actual notice of this Order are HEREBY PERMANENTLY ENJOINED AND RESTRAINED, directly or indirectly, from doing, authorizing or procuring any persons to do any of the following:

1 Manufacturing, purchasing, importing, exporting, selling, offering for sale, distributing, promoting or advertising in the United States or Canada, any jeans, pants, shorts, or other articles of clothing that display, or otherwise make any commercial use of any cloth tab in the form and placement illustrated in Exhibit A hereto.

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction after the conclusion of litigation for the purpose of making any further orders necessary or proper for the construction or modification of this injunction and order, the enforcement thereof, and/or the punishment of any violations thereof. For the purpose of any future proceeding to enforce the terms of this order and injunction, service by mail upon counsel of record in this action for each party shall be deemed adequate notice for each party.

The undersigned hereby stipulate to the fact and conclusions and consent to the entry of this Permanent Injunction.

IT IS SO STIPULATED.

DATED: 5-5-05

RP55, INC.

By: [signature]
Name: George H Metzler
Title: RP55

DATED: 5/4/05

LEVI STRAUSS & CO.

By: [signature]
Name: Thomas M. Onda
Title: Assistant Secretary

PURSUANT TO STIPULATION, IT IS ORDERED.

DATED: _____

United States District Judge

*IT IS SO ORDERED*
*Judge Susan Illston*

APPROVED AS TO FORM:

DATED: 5/4/2005

/s/ Gia L. Cincone
GIA L. CINCONE
TOWNSEND & TOWNSEND & CREW
Attorneys for Plaintiff Levi Strauss & Co.

DATED: 5/4/2005

/s/ Raymond H. Goettsch
RAYMOND H. GOETTSCH
DEMLER, ARMSTRONG & ROWLAND, LLP
Attorneys for Defendant RP55, Inc.

ardr perm inj.rhg



**EXHIBIT A**